STATE OF CONNECTICUT *v.* LEOTIS PAYNE
(AC 26247)

McLachlan, Harper and Dupont, Js.

Argued March 29—officially released July 11, 2006

*Auden Grogins,* special public defender, for the appellant (defendant).

*Timothy J. Sugrue,* senior assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Michael A. Pepper,* senior assistant state's attorney, for the appellee (state).

HARPER, J. The defendant, Leotis Payne, appeals from the trial court's denial of his motion to dismiss the charges against him as violative of the federal constitution's prohibition against double jeopardy. The defendant challenges the factual findings made by the court. We affirm the judgment of the trial court.

Following a jury trial, the defendant was convicted of felony murder, robbery in the first degree, robbery in the second degree, larceny in the second degree, carrying a pistol without a permit and criminal possession of a firearm. The court sentenced the defendant to serve a fifty-seven year term of incarceration. Previously, on direct appeal to this court, the defendant raised four claims, including a claim that improper argument by the prosecutor during closing argument deprived him of his due process right to a fair trial. This court rejected the defendant's claims and affirmed the judgment. *State* v. *Payne*, 63 Conn. App. 583, 777 A.2d 731 (2001), rev'd, 260 Conn. 446, 797 A.2d 1088 (2002).

The defendant petitioned our Supreme Court for certification to appeal; that court granted certification to appeal limited to the following issue: "In the exercise of our supervisory authority over the administration of justice, should the defendant be afforded a new trial due to pervasive prosecutorial misconduct during closing argument?" *State* v. *Payne*, 257 Conn. 904, 777 A.2d 195 (2001). Our Supreme Court subsequently answered this question in the affirmative and reversed this court's judgment with direction to reverse the judgment of the trial court and to remand the case for a new trial. *State* v. *Payne*, 260 Conn. 446, 797 A.2d 1088 (2002).

After this court remanded the case for a new trial, the defendant filed a motion to dismiss the charges against him on the ground that the retrial of the charges

was barred by the double jeopardy clause of the federal and state constitutions.[1] The defendant asserted that the prosecutor committed misconduct during closing argument, intending to prevent a judgment of acquittal that he believed likely was to occur in the absence of his misconduct. The court held an evidentiary hearing and, in an oral ruling, denied the motion to dismiss. From this ruling, the defendant now appeals.[2]

"Ordinarily, 'the Double Jeopardy Clause imposes no limitation upon the power of the government to retry a defendant who has succeeded in persuading a court to set his conviction aside, unless the conviction has been reversed because of [the] insufficiency of the evidence.' *Oregon* v. *Kennedy*, [456 U.S. 667, 676 n.6, 102 S. Ct. 2083, 72 L. Ed. 2d 416 (1982)]. In *Kennedy*, however, the United States Supreme Court held that double jeopardy also bars a subsequent prosecution if there was prosecutorial misconduct in the first trial that goaded the defendant into seeking a mistrial. 'Only where the governmental conduct in question is intended to "goad" the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion.' Id., 676." *State* v. *Colton*, 234 Conn. 683, 691–92, 663 A.2d 339 (1995), cert. denied, 516 U.S. 1140, 116 S. Ct. 972, 133 L. Ed. 2d 892 (1996).

---

[1] In his principal brief, the defendant refers to double jeopardy protections arising under the state and federal constitutions, yet his analysis is limited to the federal constitution. Because the defendant has not provided an independent analysis of his claim under the state constitution, we will confine our analysis to the application of the federal constitution's double jeopardy protection. See *State* v. *Colton*, 234 Conn. 683, 686 n.6, 663 A.2d 339 (1995), cert. denied, 516 U.S. 1140, 116 S. Ct. 972, 133 L. Ed. 2d 892 (1996).

[2] The defendant's claim is subject to interlocutory review. See *State* v. *Crawford*, 257 Conn. 769, 774–77, 778 A.2d 947 (2001), cert. denied, 534 U.S. 1138, 122 S. Ct. 1086, 151 L. Ed. 2d 985 (2002); *State* v. *Tate*, 256 Conn. 262, 275–77, 773 A.2d 308 (2001).

In *Colton*, our Supreme Court held that the rule announced by the United States Supreme Court in *Kennedy* "logically should be extended to bar a new trial, even in the absence of a mistrial or reversal because of prosecutorial misconduct, if the prosecutor in the first trial engaged in misconduct with the intent to prevent an acquittal that the prosecutor believed at the time was likely to occur in the absence of his misconduct." (Internal quotation marks omitted.) Id., 696. The court described the evidentiary hurdle that a defendant must overcome to obtain the benefit of this rule: "To avail himself of the constitutional bulwark [of double jeopardy], the defendant must prove that the alleged prosecutorial misconduct ha[d] been undertaken with the deliberate purpose of depriving the defendant of double jeopardy's shield, that is to say, only a high-handed wrong intentionally directed against [the] defendant's constitutional right will trigger his right not to be twice put in jeopardy for the same offense. . . . Furthermore, the defendant must prove that the misconduct of the prosecutor is undertaken not simply to prevent an acquittal, but to prevent an acquittal that the prosecutor believed at the time was likely to occur in the absence of his misconduct." (Citation omitted; internal quotation marks omitted.) Id., 699–700.

Our Supreme Court identified the prosecutorial misconduct at issue in the present case. *State* v. *Payne*, supra, 260 Conn. 453–63. Although we need not set forth in detail the substance of the misconduct, our Supreme Court characterized the misconduct as "serious and deliberate." Id., 463. During closing argument, the prosecutor improperly vouched for the credibility of one of the state's witnesses, commented on facts that were not in evidence, commented that the defendant had a motive to lie and appealed to the emotions of the jury. Id., 453–63.

The issue presented by means of the defendant's motion to dismiss is whether the prosecutor engaged in the misconduct while intending to violate the defendant's double jeopardy rights. The court made findings regarding the prosecutor's intent, which we review under the clearly erroneous standard of review. "[T]o the extent that the trial court has made findings of fact, our review is limited to deciding whether such findings were clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling." (Citation omitted; internal quotation marks omitted.) *State* v. *Michael J.*, 274 Conn. 321, 346, 875 A.2d 510 (2005).

To satisfy the evidentiary burden associated with his motion to dismiss, the defendant relied solely on the transcript of his criminal trial and the inferences to be drawn therefrom. The court indicated that it had read the transcript of the entire trial, except the closing arguments. The defendant's attorney discussed the misconduct that occurred during closing argument. The court's comments reflect that it was familiar with our Supreme Court's characterization of the prosecutor's misconduct.

The factual basis underlying the conviction at the defendant's first trial is set forth in *State* v. *Payne*, supra, 63 Conn. App. 585–86. In ruling on the motion to dismiss, the court found that the state had presented an exceptionally strong case against the defendant and that, at the time that the misconduct occurred during closing argument, the state had proven its case beyond a reasonable doubt. On the basis of its review of the evidence, the court found that an acquittal was not

at all likely to have occurred in the absence of the prosecutor's misconduct. Specifically, the court found that the state had presented persuasive and credible testimony from three witnesses who identified the defendant as the shooter of the victim during the course of a robbery. The court thoroughly discounted the credibility of the eyewitness testimony of a witness called by the defendant, who testified that another person was the shooter. The court, in fact, concluded that the evidence was so compelling in favor of conviction that the prosecutor "could have sat silent; the evidence spoke for itself." The court rejected the defendant's claim that the prosecutor committed misconduct while intending to prevent an acquittal that he believed was likely to occur in the absence of such misconduct.

Essentially, the defendant's challenge to the court's findings is twofold. First, the defendant claims that the state's case was not as strong as the court assessed it to be. Among other things, the defendant argues that there was a lack of physical evidence to corroborate key eyewitness testimony that he was the shooter, that one of the state's key witnesses was vulnerable to impeachment and that he presented testimony from a witness who identified another person as the shooter. Second, the defendant claims that the fact that the prosecutor engaged in misconduct was itself evidence that the prosecutor believed that an acquittal was likely. The defendant argues that "[the prosecutor's] improper statements, during closing argument, established his intent to prevent an acquittal that he believed was likely, in the absence of his misconduct." The defendant relies on the fact that there were multiple instances of misconduct and argues that "this prosecutor went to great lengths to try to divert the jury's attention away from the evidence produced at trial, which he obviously felt was not strong enough to secure a conviction." In advancing this argument, the defendant also relies on

the fact that our Supreme Court did not characterize the prosecutor's misconduct to have been inadvertent, but deliberate. *State* v. *Payne*, supra, 260 Conn. 453–63.

Our role is to evaluate the court's factual findings to determine only if they are clearly erroneous. We do not ask whether the evidence before the court would have reasonably permitted a different fact finder to make contrary findings or whether this court, which does not find facts, would have made the same factual findings as did the trial court. Having reviewed the evidence, we conclude that the court reasonably found that the state presented a very strong case against the defendant. In making findings concerning the prosecutor's intent, the court necessarily relied on circumstantial evidence and the inferences to be drawn therefrom. See *State* v. *Dell*, 95 Conn. App. 24, 31, 894 A.2d 1044 (2006) (discussing customary method by which mental state is proven). The court relied almost exclusively on the strength of the state's case in evaluating the prosecutor's intent. On the basis of the court's finding concerning the overall strength of the state's case, it was not unreasonable for the court to infer that at the time the prosecutor committed the misconduct at issue, he did not believe that an acquittal was likely to occur absent such misconduct.

We also reject the defendant's invitation to second-guess the inferences drawn by the court from the misconduct itself. The defendant mistakenly equates misconduct that occurs deliberately with misconduct that occurs with an intent to prevent an acquittal that the prosecutor believed at the time was likely to occur absent such misconduct. That the prosecutor's misconduct was deliberate did not require the court to infer that it was undertaken to prevent an acquittal that the prosecutor believed was likely to occur absent his misconduct. "Prosecutorial misconduct that might be viewed as harassment or overreaching, even if sufficient

to justify a mistrial on defendant's motion . . . does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause." *Oregon* v. *Kennedy*, supra, 456 U.S. 675–76. Our Supreme Court, in discussing the present type of case, stated: "We do not mean to suggest that every reversal of a criminal case on appeal in which the charges are reinstituted would thereafter give rise to a valid claim of double jeopardy on the basis of prosecutorial misconduct. Indeed, we anticipate that this claim would arise only rarely." *State* v. *Colton*, supra, 234 Conn. 698–99.

The inquiry before the court in the present case was uniquely fact bound. The court made reasonable findings concerning the circumstances surrounding the misconduct at issue. From these findings, the court drew reasonable inferences concerning the prosecutor's intent. The defendant has not demonstrated that the court's findings were clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.